Dear Mr. Duty:
You have requested an opinion regarding the regulatory authority of the Louisiana Board of Private Security Examiners (Board) over private contract prison guards. More specifically, your two-part inquiry presents the following issues:
(1) What governmental agency or entity is responsible for the regulation of those individuals employed by the company providing correctional contract services within the context of LSA-R.S. 39:1800 et seq.;
(2) Whether the Board bears any regulatory responsibility, authority or liability with respect to the guards employed by such private prison contractors.
The Board of Private Security Examiners is established and enabled by LSA-R.S. 37:3270. As a creature of the legislature, the Board possesses no inherent power or authority. Opinion of the Attorney General No. 90-126. The Board exercises only those powers and that jurisdiction delegated to it by the legislature by enabling statute.
LSA-R.S. 39:1800.4 (A) authorizes the Department of Public Safety and Corrections and local governmental subdivisions to enter into contracts with qualified prison contractors for the financing, acquiring, designing, leasing, constructing and operating of facilities. Contracts with prison contractors shall be negotiated with the contractor found most qualified.
Therefore, in response to your first question, private security guards who contract with the state or local governmental subdivisions under the Louisiana Corrections Private Management Act, LSA-R.S. 39:1800.1 et seq., are mandated to act as legal custodians of human beings in punitive custody of the State of Louisiana or a local governmental subdivision by reason of judicial order. This authorization is a function of public law and is beyond the Board's delegated authority to license and regulate such private security guards. Thus, we find no state law providing responsibility to a governmental agency or entity for the regulation of individuals employed by private prison contractors under the Louisiana Corrections Private Management Act.
In regard to your second question, LSA-R.S. 39:1800.7 (D) specifically exempts a private prison contractor and/or its employees from regulation under private security law as follows:
 (D) The provisions of Chapter 47 of Title 37 of the Louisiana Revised Statutes of 1950 shall not apply to a private prison contractor or its employees engaged in the performance of correctional services under the provisions of this chapter.
I hope this information adequately satisfies your concerns. If this office can be of further assistance in this or any other matter, please do not hesitate to contact me.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 __________________________ ANN EVANS WALL Assistant Attorney General
RPI/AEW;dsc